```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                   DALLAS DIVISION
```

KAREN ANAYA,                     §
                                 §
              Plaintiff,         §
                                 § Civil Action No. 3:11-CV-0415-D
VS.                              §
                                 §
SCHINDLER ELEVATOR               §
CORPORATION,                     §
                                 §
              Defendant.         §

## MEMORANDUM OPINION AND ORDER

In this removed action, the instant motions to amend and remand require that the court decide under the *Hensgens*[1] factors whether plaintiff should be allowed to add a non-diverse defendant whose joinder would require remanding the case. Concluding under the *Hensgens* factors that plaintiff should not be permitted to add the non-diverse defendant, the court denies both motions.

I

In December 2009 plaintiff Karen Anaya ("Anaya"), a Texas citizen, was injured when the elevator at Gables Uptown Tower ("Uptown Tower"), her place of employment, descended rapidly and in a jerking manner from the eighteenth floor to the building's basement while she was inside, throwing her against the side of the elevator car. Anaya was employed at Uptown Tower by Gables Residential. The building is owned by FATH Dallas Residences, LP ("FATH"), a Texas partnership. In June 2010 Anaya brought suit in

---

[1]*Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987).

Texas state court against defendant Schindler Elevator Corporation ("Schindler"), the owner, operator, and manager of the elevators at Uptown Tower, for negligence.  Anaya alleged that Schindler failed to properly service and maintain the elevator to ensure its safety.  Schindler, a Delaware corporation with its principal place of business in New Jersey, removed the case to this court based on diversity of citizenship.  Judge Lindsay remanded the case to state court because Schindler could not satisfy the minimum jurisdictional amount for diversity jurisdiction.

Following the remand, the parties proceeded with discovery in state court, which included a request that Anaya identify potential parties to the suit.  Anaya did not identify any additional potential parties at that time.  On February 17, 2011 Anaya sent Schindler a settlement demand for $235,000.  According to Schindler, Anaya's settlement demand was the first indication that she was seeking damages in excess of the minimum jurisdictional threshold for removal jurisdiction based on diversity of citizenship.  Schindler removed the case again.  On March 8, 2011 Anaya filed the instant motion for leave to amend her complaint to add FATH as a defendant.  Because FATH is a Texas citizen, Anaya also moved to remand the case on the ground that the addition of FATH as a party-defendant defeats diversity jurisdiction. Schindler opposes both motions.

II

A

"When a plaintiff seeks to join a non-diverse defendant after a case is removed based on diversity, 28 U.S.C. § 1447(e) gives the court the discretion to deny joinder or permit it and remand the case to state court."[2] *Alba v. S. Farm Bureau Cas. Ins. Co.*, 2008 WL 4287786, at *1 (N.D. Tex. Sept. 19, 2008) (Fitzwater, C.J.) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). "[T]he diverse defendant has an interest in retaining the federal forum." *Hensgens*, 833 F.2d at 1181. The court must therefore balance the original defendant's interest in maintaining a federal forum with the competing interest in avoiding potentially parallel litigation. *Cannon v. Hartford Ins. Co. of the Midwest*, 1997 WL 760500, at *1 (N.D. Tex. Nov. 19, 1997) (Fitzwater, J.). In determining whether to allow a non-diverse party to be joined, the court considers four factors: (1) whether plaintiff's purpose is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for an amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Hensgens*, 833 F.2d at 1182.

---

[2] 28 U.S.C. § 1447(e):

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

B

Schindler argues for essentially two reasons that Anaya is seeking to defeat federal jurisdiction through her amended complaint and the addition of FATH. First, Schindler points out that when Anaya initially filed her lawsuit, she pleaded only $70,000 in damages and insisted that she could not estimate that her damages would exceed $75,000, and she did not increase her damages until after the case was remanded, when she made a settlement demand for $235,000. Second, Schindler posits that Anaya has had ample time——fifteen months since the accident and eight months since filing suit——to discover FATH's identity as the owner of Uptown Tower, but only sought to add FATH after Schindler removed the case for the second time. Schindler also argues that this delay shows that Anaya has been dilatory in seeking leave to amend. It posits that Anaya will not suffer prejudice if the court denies the motion because she may still sue FATH in Texas state court. Schindler submits that no other equitable considerations weigh in Anaya's favor.

Anaya responds that she is not seeking to defeat federal jurisdiction. She maintains that she did not provide an evaluation of her damages before sending Schindler a written settlement demand because she was still assessing her claim; that she is not seeking to add FATH as a defendant to avoid federal jurisdiction, but instead because she did not learn that FATH owns Uptown Tower until

shortly before Schindler removed the case the second time; that she only became aware that FATH owned Uptown Tower in February 2011, and she attempted to amend her state court petition upon learning that FATH, not Gables Residential, owned the property, but that Schindler removed the case before she could amend; that she previously believed her employer, Gables Residential, to be the owner of Uptown Tower; and that she believed she could not recover against the building owner, as her employer, because the Texas Labor Code bars claims covered by worker's compensation insurance. Anaya maintains that she will suffer prejudice if the court denies her leave to amend because essentially she will be forced either to litigate her claim in two separate proceedings or to forfeit her claim against FATH. Anaya contends that equitable considerations weigh in her favor because she attempted to amend her state court petition immediately upon learning FATH's identity, and because Schindler removed the case for a second time upon learning of Anaya's intent to include FATH as a defendant.

III

A

The court first considers Anaya's purpose in seeking to add FATH as a defendant. Anaya asserts that her purpose is not to defeat federal jurisdiction but to assert an available claim that she learned of only immediately before Schindler removed the case a second time. This argument lacks force. Anaya could have

determined the identity of the owner of Uptown Tower, and the fact that her employer did not in fact own the building, long before Schindler removed the case a second time. Even if Anaya's purpose in seeking to add FATH as a defendant is to pursue an available claim, she could have included FATH as an original defendant. As the court has noted, "waiting until shortly after removal to assert claims of which the plaintiff has been aware against a non-diverse defendant raises considerable suspicion concerning plaintiff's purpose." *Alba*, 2008 WL 4287786, at *2 (denying leave to amend sought more than one year after claim arose).

B

The second factor examines plaintiff's timing. Anaya filed her state court suit on June 24, 2010 and did not seek to add FATH as a defendant until at least February 2011.[3] She argues that she attempted to amend her state court petition immediately upon learning that FATH owned Uptown Tower and that FATH was not insulated from liability by the Texas Labor Code. But this claim has been available to her since the date of the accident and could have been discovered before filing suit, before Schindler removed the case to this court the first time, or even during the limited discovery that has taken place so far. The time frame outlined above demonstrates the tardiness of the motion, and this factor

---

[3]Anaya maintains that she attempted unsuccessfully to amend her state court petition in February 2011, but she did not file her motion until March.

weighs in favor of Schindler.

C

The third factor evaluates whether Anaya will be significantly injured if the motion is denied. If the court denies the motion, Anaya must bring a separate lawsuit in which FATH is a defendant. Absent a federal question, that suit must be filed in state court because Anaya and FATH are both Texas citizens. While this will impose the additional expense of a second lawsuit and parallel litigation, the court is not convinced that denying Anaya leave to sue FATH in this lawsuit will *significantly* prejudice her. Although parallel litigation would involve inefficiency and additional expense, Anaya can still sue FATH and seek to recover against it. In other words, denying her motion to amend does not deprive her of all remedies against FATH.

Moreover, the court must weigh this potential injury to Anaya against Schindler's right, as a diverse defendant, to litigate the case in a federal forum. *See Cannon*, 1997 WL 760500, at *1. Although it will be necessary for Anaya to sue FATH in state court, she could have avoided such parallel litigation by investigating the ownership of Uptown Tower either before filing suit or during the discovery that has already taken place. Schindler, as a diverse defendant, is entitled to a federal forum, and opposes Anaya's motions. The court concludes that this interest outweighs any injury that Anaya may suffer from pursuing her claim against

FATH in Texas state court because Anaya could have avoided injury by determining the ownership of Uptown Tower while investigating her claims.[4]

D

The court analyzes under the fourth factor whether any other factors bear on the equities. Anaya points to no additional equities weighing in her favor, nor does the court discern any. The court regards this factor as neutral.

\* \* \*

Applying the *Hensgens* factors, the court concludes that they weigh against allowing Anaya to add FATH as a defendant. Accordingly, Anaya's March 8, 2011 motions to amend and remand are denied.

**SO ORDERED**.

May 12, 2011.

*[signature]*
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[4]The court notes that, although Schindler opposes the motions, Schindler may be creating additional burdens for itself. Schindler may still be required to participate in parallel lawsuits if, for example, as a result of today's decision Anaya sues FATH in state court and FATH brings a third-party action against Schindler. Nevertheless, although Schindler's interests in efficiency may be best served by defending against Anaya's claims in state court, where all parties can participate, the court must respect Schindler's right as a diverse defendant to litigate this case in a federal forum.